UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. CRAIG,<br><br>         Plaintiff,<br><br>     v.<br><br>GENA JONES, et al.,<br><br>         Defendants. | No.  2:22-cv-1874 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has also filed a motion to compel. ECF No. 7.

For the reasons stated below, the motion to compel will be denied as premature. In addition, the undersigned will recommend that: (1) the court find that plaintiff is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g); (2) plaintiff's motion to proceed in forma pauperis be denied on that basis; and (3) plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

////

////

////

I. <u>MOTION TO COMPEL</u>

Plaintiff seeks a court order directing defendants to produce documents. ECF No. 7. In this court, discovery does not commence in prisoner cases unless and until (1) IFP status has been granted or plaintiff pays the filing fee in full; (2) the complaint is screened and found to state a cognizable claim for relief; (3) the complaint is served; (4) the defendants appear; and (5) the alternative dispute resolution process has been exhausted or excused. Should this case proceed, a Discovery and Scheduling Order will issue in the usual course of events. Discovery may not be conducted until that time. Accordingly, plaintiff's motion will be denied as premature.

II. <u>THREE STRIKES RULE: 28 U.S.C. § 1915(g)</u>

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint"

2

regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022).

### III. PETITIONER'S PRIOR STRIKES

A review of court records reveals that at least three cases brought by plaintiff qualify as strikes under Section 1915(g). The court takes judicial notice of the following lawsuits previously filed by plaintiff:[1]

- Craig v. Gonzales, No. 1:13-cv-0327 MJS (E.D. Cal. May 15, 2013) (voluntarily dismissed after court determination that complaint failed to state a claim);
- Craig v. Whitley, No. 1:15-cv-0182 LJO SKO (E.D. Cal. May 23, 2016) (dismissed for failure to state a claim); and
- Craig v. Faria, No. 1:15-cv-0183 DAD EPG (E.D. Cal. Feb. 13, 2017) (dismissed for failure to state a claim).

---

[1] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

1   Although the Gonzales case was terminated by plaintiff's voluntary dismissal (see
2   Gonzales, ECF No. 9), prior to dismissal the complaint had been screened and found not to state
3   any viable claim.  See Gonzales, ECF No. 4 at 11.  Plaintiff was granted to leave to amend, id.,
4   but dismissed the action rather than doing so.

5   The failure to file an amended complaint after dismissal with leave to amend on the
6   ground that the initial complaint has failed to state a claim constitutes a strike under Section
7   1915(g).  See Harris, 863 F.3d at 1143.  Furthermore, avoiding a strike via the voluntary dismissal
8   of an action acknowledged to be non-viable frustrates the purposes of Section 1915(g).  See
9   Heilman v. Deillen, No CV-14-6298 JVS (FFM), 2017 WL 10591881, at *5 (C.D. Cal. Sept. 18,
10  2017).  In the Gonzales notice of voluntary dismissal, plaintiff clearly acknowledged the
11  deficiency of his complaint.  See Gonzales, ECF No. 9 at 2 (plaintiff requesting dismissal of
12  complaint in order to file an "adequate" pleading at later date).  Because the court had found that
13  the original complaint failed to state a claim, the dismissal counts as a strike within the meaning
14  of Section 1915(g).

15  Each of the preceding cases were dismissed well before the instant action was filed, and
16  none of the strikes have been overturned.  Therefore, this court finds that plaintiff is precluded
17  from proceeding in forma pauperis unless he is "under imminent danger of serious physical
18  injury."  28 U.S.C. § 1915(g).

19  IV.   IMMINENT DANGER

20  Plaintiff's first amended complaint ("FAC") – the operative complaint[2] – is ninety-three
21  pages long and does not provide the "short and plain statements" of claims that Federal Rule of
22  Civil Procedure 8(a) requires.  See ECF No. 6.  The complaint consists of a lengthy run-on
23  narrative, with some exhibits, primarily addressing past medical care, past disciplinary
24  proceedings, and a dispute regarding property.  Id.  There are no apparent allegations that would
25  support a claim that plaintiff is in imminent danger of serious physical harm.  Accordingly, there
26  is no basis for an exception to the three-strikes bar under Section 1915(g).  It will therefore be

---

[2] Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original complaint).

recommended that plaintiff be required to pay the filing fee in full prior to proceeding any further with this action.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign a District Judge to this action, and

2. Plaintiff's motion to compel (ECF No. 7) is DENIED.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff be found to be a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g);

2. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

3. Plaintiff be ordered to pay the filing fee in full prior to proceeding any further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 24, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE