1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MICHAEL A. CRAIG, | No. 2:22-cv-01874 DAD AC |
|---|---|
| Plaintiff, | |
| v. | ORDER AND |
| GENA JONES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He paid the filing fee after his motion to proceed in forma pauperis was denied on June 16, 2023.

Plaintiff's second amended complaint is now before the court for screening. ECF No. 25.[1] Also pending before the court are plaintiff's motion for a preliminary injunction, a motion to appoint counsel, and a motion for summary judgment. ECF Nos. 26-28. Each motion will be addressed in turn.

////

////

---

[1] Before the court could screen the original or the first amended complaint filed in this case, plaintiff filed a second amended complaint that supersedes his prior filings. See Local Rule 220. As a result, the court will proceed to screen the second amended complaint docketed on June 13, 2024. ECF No. 25.

1

I.      Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations in the Amended Complaint

In Claim One, plaintiff alleges that an ongoing series of false disciplinary charges was filed against him in retaliation for his use of the inmate grievance system while he was a disabled inmate at the California Health Care Facility ("CHCF"). Although this claim contains mostly legal citations, plaintiff specifically alleges that defendant Solis issued him a Rules Violation Report ("RVR") on August 1, 2018 without any supporting evidence. Defendant Amador then found plaintiff guilty of this RVR at a disciplinary hearing on August 17, 2018. In a separate incident, defendant Cox filed a RVR against plaintiff for refusing his housing assignment, which led to plaintiff's personal property being confiscated. The amended complaint also indicates that

defendant Schreiner filed a Counseling Chrono against plaintiff for disobeying orders on September 22, 2021.  Plaintiff names defendant Fears as a "co-conspirator and co-mastermind" for confiscating plaintiff's personal property.

In Claim Two, plaintiff recounts his medical history both prior to, and after, being transferred to CHCF.  Plaintiff specifically alleges that defendant Enriquez, a registered nurse, fabricated a medical exam form on March 4, 2021 and engaged in other misconduct on July 18, 2018 and August 1, 2018.  Also named as a defendant in this action is Dr. Alex Farhart who authorized plaintiff to be extracted from his cell.

III.   Analysis

The court finds the allegations in plaintiff's second amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint consists mostly of legal citations with no description of how they apply to plaintiff's claims.  The events at issue appear to span plaintiff's entire incarceration at CHCF beginning in 2018.  Although it appears that plaintiff asserts a long-running conspiracy against him by correctional officials at this prison, such conclusory assertions are not sufficient to permit joinder in one lawsuit of all claims arising during his incarceration at CHCF.  Unrelated claims against different defendants must be pursued in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

With respect to plaintiff's claims of retaliation through the filing of false disciplinary charges, these allegations fail to state a claim because the complaint does not assert that it resulted in chilling plaintiff's First Amendment rights.  See Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).  Also, it is not possible to identify facts related to each separate instance of alleged retaliation that show a retaliatory motive.  See id.

The claims against defendants Enriquez and Farhart do not state a valid Eighth Amendment deliberate indifference claim because plaintiff does not assert that these defendants failed to properly respond to his serious medical needs.  The amended complaint merely indicates that they engaged in "misconduct" or authorized a cell extraction.  For all these reasons, the second amended complaint fails to state a claim for which relief may be granted against any

defendant. The court will, however, grant plaintiff leave to file a third amended complaint.

IV. Motion for the Appointment of Counsel

Plaintiff has also filed a motion to appoint counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Therefore, plaintiff's motion for the appointment of counsel is denied without prejudice.

V. Motion for Summary Judgment

In a separately filed motion for summary judgment, plaintiff requests that judgment be entered in his favor. Because no defendants have been served and discovery has not begun, the motion for summary judgment is premature. For that reason, it is denied without prejudice.

VI. Motion for a Preliminary Injunction/Temporary Restraining Order

In his motion for preliminary injunctive relief, plaintiff asserts that he is being provoked by custody officers into an altercation. ECF No. 26. He seeks to prevent defendants, and anyone acting in concert with them, from making verbal threats towards him for filing inmate grievances.

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted). The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the Supreme Court's four-part Winter's standard. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing of one element to offset a weaker showing of another element). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance, 632 F.3d at 1131-32 (citations omitted). Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). The plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he is likely to succeed on the merits because the complaint is being dismissed for failing to state a claim. Furthermore, plaintiff has not provided any evidence that supports his request for injunctive relief aside from his own conclusory statements. Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) (emphasizing that "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm."). For all these reasons, the undersigned recommends denying plaintiff's motion for preliminary injunctive relief without prejudice.

VII.   Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim against any of the named defendants. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each

defendant did to violate your rights.  **Any claims and information not in the amended complaint will not be considered.**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that is no longer than 25 pages in length.  The amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."

2. Plaintiff's motion for the appointment of counsel (ECF No. 27) is denied without prejudice.

3. Plaintiff's motion for summary judgment (ECF No. 28) is denied as premature.

4. Failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction/temporary restraining order (ECF No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

B. Joinder of Parties and Claims

A plaintiff may properly assert multiple claims against a single defendant in a civil action. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." Id.

C. False Disciplinary Charges

7

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

D.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).

D.   Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he

existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.